IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER COMEROTA, | : |
| Plaintiff, | : |
| v. | : 3:17-CV-1758 |
| | : (JUDGE MARIANI) |
| ANDREW SAUL[1], | : |
| Defendant. | : |

**MEMORANDUM OPINION**

On September 28, 2017, Plaintiff Peter J. Comerota filed a Complaint seeking judicial review of a final decision made by Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying his application for Social Security Disability benefits. (Doc. 1). This matter was referred to Magistrate Judge Martin C. Carlson to prepare a Report and Recommendation ("R&R"). On July 3, 2018, Magistrate Judge Carlson issued an R&R (Doc. 14) recommending that the Commissioner's final decision denying Plaintiff's claim be affirmed and that Plaintiff's appeal should be denied. Plaintiff filed Objections (Doc. 15) on July 17, 2018, to which Defendant filed a response (Doc. 16). Upon *de novo* review of Magistrate Judge Carlson's R&R, the Court will overrule Plaintiff's Objections and adopt the pending R&R.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Commissioner Andrew Saul is automatically substituted as the named Defendant in place of the former Commissioner of Social Security.

1

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Here, in response to the pending R&R, Plaintiff filed four objections which this Court will address in turn.

When reviewing the Commissioner's final decision denying a claimant's application for Disability Insurance Benefits, a District Court is limited to a deferential review of whether there is substantial evidence to support the findings of the Commissioner. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Factual findings which are supported by substantial evidence must be upheld. *Ficca v. Astrue*, 901 F.Supp.2d, 533, 536 (M.D. Pa. 2012) (citing 42 U.S.C. § 405(g); *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001)).

Plaintiff first objects to Magistrate Judge Carlson's finding that Plaintiff could perform the jobs listed by the Vocational Expert. (Doc. 15 at 1). More specifically, Plaintiff claims that the jobs listed by the Vocational Expert "could involve frequent stooping," which conflicts with the Administrative Law Judge's (ALJ) finding that Plaintiff's residual functional capacity (RFC) includes the limitation of only occasionally stooping. (*Id*). To support this claim, Plaintiff asserts that "the Dictionary of Occupational Titles states that each of those positions 'may require frequent stooping'" without citation. (*Id* at 1–2).

The ALJ found, based upon "careful consideration of the entire record," that Plaintiff has the RFC to perform medium work as defined by 20 C.F.R. 404.1567(c) and 416.967(c), except, among other limitations, that Plaintiff "occasionally balance, stoop, kneel, crouch, and crawl." (Doc. 9-2 at 27). The Vocational Expert testified that, given Plaintiff's age, education, work experience, and RFC, Plaintiff would be able to perform the requirements for a warehouse worker (DOT # 922.687-058), an assembler (DOT # 709.684-014), and as a kitchen worker (DOT # 318.687-010). (*Id*. at 72). The ALJ determined that "the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (*Id*. at 33). Plaintiff offers no explanation, citation, or quoted language in his Objections (Doc. 15) or in his Brief (Doc. 10) that describes precisely how the Vocational Expert's opinion on Plaintiff's ability to perform these jobs is inconsistent with their description in Dictionary of Occupational Titles as to frequency of stooping. Although Magistrate Judge Carlson found "the nature of this alleged conflict is both narrow and

3

relatively minor," this Court is unable to identify the nature of this conflict at all due to Plaintiff's failure to specifically identify any inconsistency. (Doc. 14 at 28). Furthermore, even if there was a potential identifiable conflict, Social Security Ruling (SSR) 00-4p requires that an adjudicator only obtain a reasonable explanation when the Vocational Expert's evidence appears to conflict with the Dictionary of Occupational Titles. Social Security Ruling (SSR) 00-4p (S.S.A. Dec. 4, 2000), 2000 WL 1898704, at *4. Therefore, the Court finds the ALJ's determination as to Plaintiff's ability to perform the jobs listed by the Vocational Expert is supported by substantial evidence.

Plaintiff's second objection is directed at Magistrate Judge Carlson's finding "that there was substantial evidence supporting the Administrative Law Judge's rejection of Dr. Patel's opinion." (Doc. 15 at 2). Plaintiff argues that the only way the ALJ could reject Dr. Patel's opinion would be to "impermissibly substitute her own medical opinion for that of Dr. Patel." (Doc. 15 at 2). However, as Magistrate Judge Carlson noted, the ALJ largely adopted the limitations found by Dr. Patel when determining Plaintiff's RFC. (Doc. 14 at 25–26; Doc. 9-2 at 30–31).

An ALJ is entitled generally to credit parts of a medical opinion without crediting the entire opinion. *Thackara v. Colvin*, No. 1:14-CV-00158-GBC, 2015 WL 1295956, at *5 (M.D.Pa Mar. 23, 205) (citing *Lee v. Comm'r Soc. Sec.*, 248 F.App'x 458, 461 (3d Cir. 2007) (Upholding the findings of the ALJ where the ALJ had afforded "great weight" to the opinions of treating physicians, but did not "fully credit" them where there were treatments gaps in

4

their records that undermined Plaintiff's claimed severity).  Here, the ALJ gave "partial weight" to Dr. Patel's opinion "in consideration of the claimant's ability to lift and carry and perform manipulative and postural activities," but found that Dr. Patel's opinion as to Plaintiff's "inability to sit, stand, and walk for less than eight hours total in a workday" was not supported by the record.  (Doc. 9-2 at 31).  As Magistrate Judge Carlson noted in the R&R, the ALJ gave partial credit to several medical opinions in formulating the limitations in Plaintiff's RFC.[2]  (Doc. 14 at 26).  The ALJ also noted that such limitations found by Dr. Patel were inconsistent with other abilities found by Dr. Patel, such as his finding that Plaintiff can operate a motor vehicle on a frequent basis, and that Plaintiff has no ambulatory limitations.  (Doc. 9-2 at 31).  It is important to note that "[i]n the process of reviewing the record for substantial evidence, we may not 'weigh the evidence or substitute [our own] conclusions for those of the fact-finder.'" *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).  Therefore, the Court finds that substantial evidence supports the ALJ's decision to partially credit Dr. Patel's opinion.

Similarly, Plaintiff's third objection is to Magistrate Judge Carlson's finding that the ALJ properly gave partial weight to the opinion of Dr. Long.  (Doc. 15 at 3).  Although he accepted some parts of Dr. Long's opinion, the ALJ found "Dr. Long's opinion regarding the

---

[2] In addition to Dr. Patel's medical opinion, the ALJ gave partial weight to the medical opinion of Dr. Spencer Long, who performed a consultative medical examination of Plaintiff and completed a medical source statement, as well as the medical opinion of Dr. John Tardibuono, who assessed Plaintiff's functional abilities and limitations.  (Doc. 9-2 at 28–29).

claimant's exertional abilities, specifically his ability to stand and walk in a workday, is not supported by or consistent with the record as a whole, including his own testimony regarding his ability to stand and Dr. Long's own objective findings." (Doc. 9-2 at 30). Plaintiff argues the ALJ did not provide an adequate explanation for rejecting part of Dr. Long's opinion. (Doc. 15 at 3). However, the ALJ pointed to specific findings of Dr. Long that he found were inconsistent with Dr. Long's conclusions regarding Plaintiff's exertional abilities.[3] (Doc. 9-2 at 30). As explained above, an ALJ is entitled generally to credit parts of a medical opinion without crediting the entire opinion. *Thackara*, 2015 WL 1295956, at *5 (citing *Lee*, 248 F.App'x at 461). Thus, the Court finds that substantial evidence supports the ALJ's decision to partially credit Dr. Long's opinion.

Plaintiff's final objection is to Magistrate Judge Carlson's finding that the ALJ properly rejected the testimony of the Plaintiff. (Doc. 15 at 4). Plaintiff's entire argument rests on the assertion that "his testimony as to his pain and limitations is consistent with the limitations set forth by Dr. Patel." (*Id*). The court generally defers to the ALJ's assessment of credibility. *Zirnsak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014). In making these credibility determinations, the ALJ "must specifically identify and explain what evidence he found not credible and why he found it not credible." *Id* (citing *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994). "Although the ALJ is required to give great weight to the claimant's

---

[3] Specifically, the ALJ pointed to Dr. Long's findings that Plaintiff "presented with no sensory deficit, 5/5 strength in his upper and lower extremities, intact hand and finger dexterity, and 5/5 grip strength bilaterally (Exhibit 6F)." (Doc. 9-2 at 30).

6

testimony of subjective complaints, he has the right, as the fact finder, to reject partially, or even entirely, such subjective complaints if they are not fully credible." *Weber v. Massanari*, 156 F.Supp.2d 475, 485 (E.D. Pa. 2001) (citing *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974). Here, the ALJ found "the claimant's allegations regarding the limiting effects of his alleged conditions are not supported by the record." (Doc. 9-2 at 31). To support this conclusion, the ALJ cited to numerous examples in the record which he determined discredited Plaintiff's allegations, including Plaintiff's discharge from pain management after a drug relapse with heroin use, the fact that Plaintiff did not seek further treatment for his alleged low back symptoms after obtaining health insurance coverage, and that Plaintiff's consultative examination indicates he ambulated only with a slightly antalgic gait without the use of an assistive device. (*Id.* at 31). The Court therefore finds that the ALJ's decision to reject Plaintiff's allegations regarding the limiting effects of his alleged conditions is supported by substantial evidence.

For the above-discussed reasons, the Court will overrule Plaintiff's Objections, adopt the pending R&R, and affirm the Commissioner of Social Security's final decision. A separate Order follows.

Robert D. Mariani
United States District Judge